```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

C.G., an infant, by Mayre Gonzalez, his mother and natural guardian, and Mayre Gonzalez, individually,

                        Plaintiffs,

-against-

The Department of Education of the City of New York, et al.,

                        Defendants.

---

1:24-cv-03827 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Plaintiff's motion for approval of the settlement of this personal injury action and approval of the payment of attorneys' fees and disbursements from the settlement amount.[1] (Pl.s' 4/4/25 Mot., ECF No. 30.) For the reasons set forth below, Plaintiff's motion is GRANTED.

**BACKGROUND**

Plaintiff's claims arise from personal injuries sustained by C.G., who is an infant, on September 7, 2023 while he was a student at a school operated by Defendants. (Compl., ECF No. 1, ¶ 1.) Plaintiff alleged that C.G., who is a special needs student, was injured at the hands of the employees of Defendants' school while they attempted to lift him out of his wheelchair. (*Id*.)[2]

---

[1] Although the infant's mother, Mayre Gonzalez is a named plaintiff, she states in her affidavit that she withdraws any claim in her individual capacity. (*See* Gonzalez Aff., ECF No. 31-12, ¶ 18.)

[2] The underlying facts regarding how C.G. was injured and the extent of his injuries are set forth in the Declaration of Thomas Combs. (Combs Decl., ECF No. 31, ¶¶ 9-21.)

Following a court-ordered mediation, the parties agreed to settle this action for the sum of $125,000.00, which is to be paid by way of a structured settlement. (Combs Decl. ¶¶ 25-26, 36-38; Ex. B to Combs Decl., ECF No. 31-2; Ex. H to Combs. Decl., ECF No.31-8.) On April 4, 2025, Plaintiff filed the instant motion seeking approval of the settlement and approval of the payment of attorneys' fees and disbursements from the settlement amount. (*See* Pl.'s 4/4/25 Mot.)

## LEGAL STANDARDS

Before an action can be settled by or on behalf of an infant, court approval must be obtained, which must be embodied in an order, judgment or decree. *See* S.D.N.Y & E.D.N.Y. Local Civ. R. 83.2(a)(1). Under Local Civil Rule 83.2(a)(1), the Court is directed to "conform" the infant compromise proceedings "as much as possible, to New York State statutes and rules," although the Court is authorized "for good cause shown, [to] dispense with any New York state requirement." S.D.N.Y & E.D.N.Y. Local Civ. R. 83.2(a); *see also Hennessy by & through Hennessy v. Carrie's Hosp. LLC*, No. 22-CV-00833 (CBA) (MMH), 2023 WL 4141818, at *3 (E.D.N.Y. June 12, 2023), *report and recommendation adopted*, 2024 WL 168626 (E.D.N.Y. Jan. 16, 2024) ("Rule 83.2 is hardly a rigid obligation imposed on district courts.").[3] The Court's fairness inquiry is a limited one: it "need not 'decide the merits of the case or resolve unsettled legal questions.'" *Orlander v. McKnight*, No. 12-CV-04745 (HBP), 2013 WL 4400537, at *5 (S.D.N.Y. Aug. 15, 2013) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)).

---

[3] "CPLR § 1208 requires the infant's representative and attorney to make representations to the Court concerning, *inter alia*, the terms of the settlement, the circumstances giving rise to the action or claim, the extent of the damages sustained by the infant as documented in medical or hospital records, and reasons for recommending the settlement." *Vitucci v. Winthrop Univ. Hosp.*, No. 12-CV-04328 (DRH) (GRB), 2014 WL 4659274, at *5 (E.D.N.Y. Sept. 17, 2014) (citing N.Y. C.P.L.R. § 1208)).

Under New York Law, the Court should consider whether "(1) the best interests of the infant are protected by the terms and conditions of the proposed settlement; and (2) the proposed settlement, including any legal fees and expenses to be paid, as part of the proposal, are fair and reasonable." *Martegani v. Cirrus Design Corp.*, 687 F.Supp.2d 373, 377 (S.D.N.Y. 2010) (citing Local Civ. R. 83.2(a); N.Y. Jud. L. § 474; N.Y. C.P.L.R. §§ 1205–08).

"There is no bright-line test for concluding that a particular settlement is fair." *T.H. v. New York City Dep't of Educ.*, 99 F. Supp. 3d 394, 396 (S.D.N.Y. 2015). However, the Court only may grant leave to settle a minor's claim where the proposed settlement is "fair, reasonable, and adequate, by comparing the terms of the compromise with the likely rewards of litigation." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) (internal quotation marks omitted)).

"A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently[.]" *Id.* (internal citation omitted). "Courts also give deference to the parent or legal guardian's view that a proposed settlement is fair for the minor litigant." *C.M. ex rel. P.M. v. Syosset Cent. Sch. Dist.*, No. 11-CV-01402 (MKB) (GRB), 2013 WL 5799908, at *7 (E.D.N.Y. Oct. 25, 2013), *report and recommendation adopted*, 2013 WL 6157188 (E.D.N.Y. Nov. 22, 2013).

Finally, "while the court may conduct an infant compromise hearing, it is not required where . . . the necessary information is available from the documents and affidavits submitted in support of the motion." *Black v. Dain*, No. 16-CV-01238 (CBA) (ST), 2021 WL 1146559, at *2

(E.D.N.Y. Mar. 9, 2021), *report and recommendation adopted*, 2021 WL 1146041 (E.D.N.Y. Mar. 25, 2021).

## DISCUSSION

Upon review of the Declaration and exhibits submitted by Plaintiff's counsel, as well as Plaintiff's affirmation, which conform to the requirements of CPLR § 1208, the Court finds that the proposed settlement is fair, reasonable and adequate. There is nothing in the record to rebut the presumption that the settlement is fair and reasonable. The settlement was reached after arm's length negotiation by competent counsel. (*See* Combs Decl. ¶¶ 25-26.) Moreover, Plaintiff's counsel is experienced in cases similar to this one. (*See id*. ¶ 47; Ex. J to Combs Decl., ECF No. 31-10.) In addition, the settlement was entered into after sufficient discovery had occurred and Plaintiff's counsel had hired an expert to review the matter. (*See* Combs Decl. ¶¶ 22, 24, 30, 51.) Finally, the Court notes that C.G.'s parent has expressed the view that the settlement is in the best interests of C.B. (*See* Gonzalez Aff. ¶ 15.) When balanced against the uncertain prospects and added expense of continued litigation, the settlement provides a recovery to Plaintiff that is fair, reasonable and adequate. Moreover, the Court concludes that the structured settlement is reasonable and in the best interests of the infant Plaintiff.

Pursuant to a retainer agreement (Ex. J to Combs Decl., ECF No. 31-9), the law firm Levine & Slavit, PLLC, seeks to recover a contingency fee of one third of the gross settlement amount as well disbursements in the amount of $874.62. (Combs Decl. ¶ 45; Ex. G to Combs Decl., ECF No. 31-7.) The Court notes that contingency awards of one-third of the recovery are common in personal injury cases. *See Orlandi ex rel. Colon v. Navistar Leasing Co*., No. 09-CV-04855 (THK), 2011 WL 3874870, at *5 (S.D.N.Y. Sept. 2, 2011) (approving one-third contingency fee in action

on behalf of infant); *see also Rodney v. City of New York*, No. 13-CV-06179 (RRM) (VMS), 2015 WL 1014165, at *6 (E.D.N.Y. Mar. 6, 2015) ("New York courts have generally approved payments that are one-third contingency arrangements in infant compromises.")

However, "the Court has an independent obligation to scrutinize the appropriateness of counsel's requested compensation, so as to protect the interests of the infant client." *Campbell v. City of New York*, No. 15-CV-02088 (PAE), 2015 WL 7019831, at *4 (S.D.N.Y. Nov. 10, 2015). "Accordingly, contingency-fee agreements are to be treated by the Court as advisory only, and the contract between an infant's attorney and legal guardian is only one of the elements which the judge may take into consideration in fixing reasonable compensation." *Id*. (cleaned up).

"The starting point in analyzing whether claimed attorney's fees are appropriate is not the plaintiff's fee agreement, but rather the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Campbell*, 2015 WL 7019831, at *4. (cleaned up). "In determining a reasonable hourly rate for the lodestar calculation, the Court looks to 'hourly rates prevailing in the district for similar services provided by attorneys with comparable skill and experience.'" *Id*. (quoting *Abdell v. City of New York,* No. 05-CV-08453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015). "Other factors to be considered are: '(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved." *Id*. (cleaned up); *see also Orlandi*, 2011 WL 3874870, at *4.

After consideration of the contingency fee agreement in addition to the relevant factors, the Court finds that the requested attorneys' fee award of $41,666.67 is reasonable. Although the lodestar of $19,920.00, based on a rate of $400 per hour and 49.8 hours of work[4] (*see* Combs Decl. Ex. K), is less than the 1/3 fee sought by counsel, Plaintiff has set forth several persuasive reasons why the requested fee is appropriate, including the risks and difficulties of the litigation, the contingency of compensation and the favorable results obtained. (Combs Decl. ¶¶ 49-54.) Thus, the Court approves the fee award. *See R.G. v. Federated Inc.,* No. 14-CV-07734 (RJS), 2016 WL 3072396, at *3 (S.D.N.Y. May 27, 2016) (approving one-third contingency fee based after considering retainer agreement, risk in accepting and prosecuting case on contingency basis and experience of counsel).

Finally, the expenses for which Plaintiffs seek reimbursement, including the filing fee, records costs, translation services and expert costs, are standard litigation expenses. *See, e.g., Puerto v. Happy Life Home Health Agency Inc.*, 704 F. Supp. 3d 403, 407 (S.D.N.Y. 2023) (noting, in approving settlement of wage and hour claims, that filing fees and service costs are "routinely recoverable" in litigation).

---

[4] The Court finds that the $400 hourly rate and number of hours expended are reasonable. *See, e.g., Campbell*, 2015 WL 7019831, at *5 n. (finding, almost 10 years ago, $400/hour rate and 44.6 hours of time reasonable for civil rights litigator with similar experience).

**CONCLUSION**

For the foregoing reasons, the proposed settlement and the attorneys' fees and disbursements hereby are approved. No later than April 17, 2025, the parties shall file a stipulation dismissing this action.

**SO ORDERED.**

Dated:     New York, New York
           April 10, 2025

_____
STEWART D. AARON
United States Magistrate Judge